IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

2009 SEP -3 PM 3: 13

Case No.:

6:09-cv-1517- ORL- 28 GJK

LUIS M. SANTIAGO,

Plaintiff,

vs.

CURTIS PROTECTIVE SERVICES, INC., a
Florida Corporation and JOHN W.
CAMPBELL, individually,

Defendants.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS M. SANTIAGO, (hereinafter referred to as "Plaintiff"), by and through

his undersigned counsel hereby sues the Defendants, CURTIS PROTECTIVE SERVICES, INC.

("CPSI") and JOHN W. CAMPBELL, and states as follows:

### INTRODUCTION

1.      This is an action by Plaintiff against his former employer for retaliation and

unpaid minimum wage pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et*

*seq.* Plaintiff seeks front pay, back pay, unpaid minimum wage, compensatory damages,

liquidated damages, interest, and a reasonable attorney's fee and costs.

### JURISDICTION

2.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,

*et. seq.* The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b).

### VENUE

3.      The venue of this Court over this controversy is proper based upon the claims

arising in Orange County, Florida.

## THE PARTIES

4.     Plaintiff was employed by Defendant, CPSI, a security guard from approximately September 3, 2009 until September 28, 2009 at its business located in Orlando, Florida.

5.     Defendant, CPSI, is an employer as defined by 29 U.S.C. § 203(d).     The employer has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, in the facility while Plaintiff was employed.

6.     Plaintiff was an employee of Defendant, CPSI, and, at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

7.     Alternatively, Defendant, CPSI, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1).

8.     Defendant, JOHN W. CAMPBELL, was at all times material hereto, the owner and/or officer of Defendant, CPSI.

9.     Defendant, JOHN W. CAMPBELL AN, at all times material hereto was acting directly or indirectly in the interest of Defendant, CPSI, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work and is a statutory employers under 29 U.S.C. 203(d).

10.     Plaintiff has retained LaBar & Adams, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## RETALIATION IN VIOLATION OF THE
## FAIR LABOR STANDARDS ACT

11.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 9 above.

12.   From July 3, 2009 until July 28, 2009, Plaintiff was employed by Defendant, CPSI, as a security guard.

13.    As a security guard, Plaintiff provided security services to CPSI's client.

14.    On or around about July 28, 2009, the Plaintiff verbally complained to JOHN W. CAMPBELL, that the Defendant, CPSI, had violated the Fair Labor Standards Act of 1938, as amended, by failing to compensate Plaintiff at the prevailing minimum wage.

15.    On or around July 28, 2009, Defendant, CPSI, was made aware of Plaintiff's complaint referred to in paragraph 14, *supra.*

16.    On or around July 28, 2009, Defendant, CPSI, terminated the Plaintiff in response to his complaint.

17.    The Defendant, CPSI, has unlawfully retaliated against Plaintiff by terminating Plaintiff for complaining to Defendant about failing to compensate Plaintiff at the prevailing minimum wage.

18.    Defendant, CPSI's termination of Plaintiff was willful and was in reckless disregard for Plaintiff's federally protected rights under the Fair Labor Standards Act of 1938.

19.    As a direct and proximate cause of the Defendant, CPSI's retaliatory conduct as alleged herein, Plaintiff has been damaged.

20.    Plaintiff hereby demands trial by jury as to all issues so triable.

WHEREFORE, Plaintiff prays for this Court to enter Judgment in Plaintiff's favor against Defendants, CPSI and JOHN W. CAMPBELL, jointly and severally, as follows:

(a)    To declare that Defendants' retaliatory conduct in violation of the FLSA to be willful;

(b)    To award Plaintiff damages for mental anguish and emotional distress, compensatory damages;

(c)    To award Plaintiff an additional amount equal to the damages awarded pursuant to paragraph (b), *supra*, as liquidated damages; if liquidated damages are not awarded, then in the alternative, prejudgment interest;

(d)     To award Plaintiff a reasonable attorneys' fee and costs pursuant to 29 U.S.C. § 216(b); and,

(e)     Such other relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

21.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 9, above.

22.     Plaintiff worked for Defendant, CPSI from July 3, 2009 until July 28, 2009, without receiving any compensation whatsoever.

23.     Plaintiff worked a total of approximately 119 hours from July 3, 2009 until July 28, 2009.

24.     The applicable minimum wage applicable to Plaintiff's claim is $7.21 per hour and $7.25 per hour.

25.     Defendant, CPSI.'s willfully and contumaciously violated the minimum wage provision of the FLSA, thus Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)     Unpaid minimum wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: 8/31/09

N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
LaBar & Adams, P.A.
112 East Concord Street
Orlando, Florida 32801
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)
Email: rlabar@labaradams.com